IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LISA LYNN JOHNSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:12-CV-257 |
| WELLS FARGO BANK, N.A. | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

On August 31, 2012, the Court held a hearing on Plaintiff's Memorandum in Support of Motion for Temporary Restraining Order (Dkt. 15), the matter having been referred to the undersigned by the Honorable Richard A. Schell (*see* Dkt. 16). Having heard the arguments of counsel and having considered the evidence and testimony presented, the Court finds that the motion should be DENIED.

Plaintiff seeks to enjoin a September 4, 2012 foreclosure sale of her home. At the hearing, Plaintiff argued that Wells Fargo has no authority to enforce the Note and therefore no standing to foreclose.[1] Plaintiff requests a bond of $500.

Under Rule 65 of the Federal Rules of Civil Procedure, "[e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail ... the act or acts sought to be restrained...." FED. R. CIV. P. 65(d).

---

[1] Such an argument is not raised in the motion and Defendant argues it is therefore waived.

Plaintiffs seeking injunctive relief must show:

(1) a substantial likelihood of success on the merits,

(2) a substantial threat that plaintiff will suffer irreparable harm if the injunction is not granted,

(3) that the threatened injury outweighs any damage that the injunction might cause the defendant, and

(4) that the injunction will not disserve the public interest.

*Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009); *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). Plaintiff bears the burden to prove all four requirements in order to be entitled to injunctive relief. *Palmer*, 579 F.3d at 506.

At the hearing, both parties offered documentary evidence of the loan at issue.[2] Defendant called Bonnie Ranson a Wells Fargo representative, who testified as to a name change from World Savings and Wachovia and then a merger between Wachovia and Wells Fargo.

The Court has considered the evidence and testimony presented, and the Court finds that Plaintiff has not sustained her burden in showing a likelihood of success on the merits. In this case, Plaintiff asserts claims of fraud and promissory estoppel against Defendant. Plaintiff did not offer any evidence that would show *her* reliance on any representations made by Defendant, a required showing for both fraud and estoppel. *Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d 200, 212 (5th Cir. 2009) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573,

---

[2]The Court notes that Plaintiff also attached various pieces of evidence to her motion. At the hearing, the Court sustained objections to several pieces of evidence and the Court has not considered them in making its findings herein.

577 (Tex. 2001)) (to assert a claim of fraud under Texas law, a plaintiff must allege (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury); *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n.25 (Tex. 2002) (citing *English v. Fisher*, 660 S.W.2d 521, 524 (Tex. 1983)) (a party alleging promissory estoppel must allege: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment).  There is also nothing in the record and no evidence was presented at the hearing that would show any promises made *to Plaintiff* after her discharge from bankruptcy.

  Moreover, Plaintiff acknowledges that she has not made payments on the loan in over a year and she listed Wells Fargo as a creditor during her bankruptcy proceedings, undermining her recent claim that it has no authority to foreclose under the Note.  Based on these concessions and without any proof to the contrary, the Court cannot make a finding that Plaintiff has a substantial likelihood of success on the merits.  Her Motion for Temporary Restraining Order (Dkt. 15) should be DENIED.

  Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C.A. § 636(b)(1)(C).

  Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the

proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 31st day of August, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE